Houck, J.
The plaintiff in error was the plaintiff in the court below.
The suit was brought to recover damages from the defendant for alleged misrepresentations claimed to have been made by defendant to plaintiff, as to the health -of certain dairy and stock cattle, which were purchased by plaintiff of said defendant.
*206 The case was submitted to a jury and a verdict returned for the defendant. The trial judge overruled a motion for a new trial and sustained the verdict of the jury by entering a judgment thereon.
A reversal of the judgment in this case is sought upon one ground only, namely: That the charge of the trial judge was misleading and erroneous. The part of the charge claimed to be erroneous is as follows:
“If the defendant at the time honestly believed such cattle to be free from disease, he would not be liable in a suit for fraud and deceit.”
, This statement to the jury standing alone might, possibly, be construed to permit the defendant himself to determine the real question at issue — were the cattle diseased at the time of the sale? The rule is that it is not determinable by the abstract belief or state of mind of the person charged with such knowledge, but the test being: Whether, under all the facts and circumstances of the case, a reasonably prudent person would have cause to believe the cattle diseased.
Selecting certain parts of a charge is not sufficient to sustain a claim that a charge is erroneous and misleading, but the question must be determined from the entire charge.
Thus we find, when applying this rule to the case at bar, that the prejudicial error urged by counsel for plaintiff in error is not well taken.
The entire charge, upon the question raised by plaintiff in error, is as follows:
“Did the defendant at the time of such representations and sale have knowledge that the cattle were affected with this disease?
*207 “In considering this question, the jury may take into account all the evidence reflecting upon the issue, as well as all the surrounding circumstances, both before and after such sale, with a view of ascertaining whether the defendant did at the time of such sale have knowledge of the diseased condition of the cattle.
“If he had good reasons for believing the cattle diseased, he is chargeable with knowledge.
“If you find upon this third issue in favor of the defendant’s contention, your verdict will be in favor of the defendant, for if the defendant at that time honestly believed such cattle to be free from disease, he would not be liable in a suit for fraud and deceit.
“If you find upon this third issue in favor of plaintiff’s contention, that is, if you find that the defendant at the time of such representations and sale had knowledge that the cattle were diseased, you would next consider the fourth issue which is, has plaintiff been damaged by reason of such fraud and deceit thus practiced upon him, and if so in what sum has he been damaged? For if the defendant represented the cattle to be free from disease, when in truth and fact they were diseased, and the defendant knew it, in such case defendant would be liable for all damages occasioned plaintiff by reason of such fraud and deceit thus practiced upon him. However, if the cattle were not diseased at the time of sale, or if they were diseased at that time and the defendant had no knowledge of it, in such case the defendant would not be liable.
*208 It will be observed from all of the charge upon the question at issue that the learned trial judge gave a full, complete, and thorough analysis of its every phase necessary and proper for a clear understanding by the jury.
The sole and only purpose of an instruction, by court to jury, is to furnish guidance to the jury in their deliberations, and to aid and assist them in arriving at a proper verdict. It should state in a clear and concise way the issues of fact and the principles of law applicable to them, thereby enabling the jury to reach a proper verdict.
Applying this rule to the charge now before us, under review, we find that it is clearly within the rule and fully measures up to it.
Further comment is unnecessary. The judgment of the common pleas court should be affirmed.

Judgment affirmed.

Patterson and Sayre (of the Fourth Appellate District, sitting in place of Shields, J.), JJ., concur.